```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DAVE THOMAS, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil No. 09-5026 (JBS) |
| v. |  |
| N.J. STATE PAROLE BD., | **MEMORANDUM OPINION** |
| Respondents. |  |

**SIMANDLE, District Judge**:

This matter is before the Court upon preliminary review of an application for habeas corpus relief under 28 U.S.C. § 2254. The Court finds as follows:

1. On September 29, 2009, Dave Thomas, a state-sentenced inmate incarcerated at Bayside State Prison, executed an Application for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Clerk received it on October 1, 2009. The application concerns Petitioner's parole, but it does not specify the determination Petitioner is challenging or set forth federal grounds or relief requested. Attached to the Petition are two documents: (a) a Notice of Decision issued by an adult panel of the New Jersey State Parole Board on August 17, 2006, revoking Petitioner's parole (that was granted July 29, 2003) and stating that Petitioner is to serve a parole eligibility term of 15 months; and (b) a Parole Eligibility Notice stating that Petitioner's future parole eligibility date is June 25, 2007.

2. Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an
> application for a writ of habeas corpus in
> behalf of a person in custody pursuant to the
> judgment of a State court only on the ground
> that he is in custody in violation of the
> Constitution or laws or treaties of the
> United States.

28 U.S.C. § 2254(a).

3. Habeas Rule 4 requires the assigned judge to <u>sua sponte</u> dismiss a habeas petition or application without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition
> to a judge under the court's assignment
> procedure, and the judge must promptly
> examine it. If it plainly appears from the
> petition and any attached exhibits that the
> petitioner is not entitled to relief in the
> district court, the judge must dismiss the
> petition and direct the clerk to notify the
> petitioner . . . .

28 U.S.C. § 2254 Rule 4.

4. Habeas Rule 2 provides:

> (b) . . . **Specifying the Judgment**. . . . The petition must ask for relief from the state-court judgment being contested.
>
> (c) **Form**. The petition must:
>
>> (1) specify all the grounds for relief available to the petitioner;
>>
>> (2) state the facts supporting each ground;
>>
>> (3) state the relief requested;
>>
>> (4) be printed, typewritten, or legibly handwritten; and
>>
>> (5) be signed under penalty of perjury . . .

> (d) **Standard Form.** The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.

28 U.S.C. § 2254 Rule 2(b), (c), (d).

5. The Local Civil Rules require that, unless prepared by counsel, petitions to this Court for a writ of habeas corpus must be on the form supplied by the Clerk. See Local Civ. R. 81.2(a).

6. The Supreme Court explained the habeas pleading requirements as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
>   A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from

> the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005).

7. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).  The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, see United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, see United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

8. The Petition presently before this Court will be dismissed, pursuant to Habeas Rule 4, without prejudice, for failure to comply with Habeas Rule 2 and Local Civil Rule 81.2(a).  The Petition fails to comply with the aforesaid rules in that:

> (a) it does not specify the state-court judgment being contested, as required by Rule 2(b);
>
> (b) it does not specify federal grounds on which the judgment is being contested, as required by Habeas Rule 2(c)(1);
>
> (c) it does not state the facts supporting each ground, as required by Habeas Rule 2(c)(2);

>(d) it does not state the relief requested, as required by Habeas Rule 2(c)(3);
>
>(e) it is not on the § 2254 form supplied by the Clerk, as required by Local Civil Rule 81.2(a).

9.  The Local Civil Rules provide that, if the prison account of a habeas petitioner exceeds $200, then the petitioner is not eligible to proceed in forma pauperis.  See Local Civ. R. 81.2(c).  Petitioner's application for in forma pauperis will be denied because his submissions show that his prison account balance is $248.70.  See Local Civ. R. 81.2(c).  The filing fee for a habeas petition is $5.00.

10.  This Court will direct the Clerk to provide Petitioner a blank § 2254 form.

11.  The dismissal of the Petition is without prejudice to the filing of a new habeas petition which complies with the aforesaid pleading requirements.  However, Petitioner should be aware that this Court has habeas corpus jurisdiction only over a challenge to the fact or duration of a prisoner's confinement, and that a habeas petition which does not challenge the fact or duration of the petitioner's confinement will be dismissed, without prejudice to any right the petitioner may have to assert his claim in a properly filed civil complaint under 42 U.S.C. § 1983.  See Hairston v. Grondolsky, 2009 WL 3182926 (3d Cir. Oct. 6, 2009) ("only challenges addressed to the fact or duration of confinement . . . are cognizable in habeas"); Lee v. Williamson,

5

297 Fed. App'x 147 (3d Cir. 2008) (prisoner's claims which do not challenge the fact or duration of confinement are not cognizable in a habeas petition); Leamer v. Fauver, 288 F. 3d 532, 542-44 (3d Cir. 2002) (section 1983 and habeas are not coextensive, and claim challenging denial of treatment necessary to gain release may not be brought as a habeas claim); Long v. Parker, 390 F. 2d 816, 818 (3d Cir. 1968) ("the writ of habeas corpus has functioned to test the legality of confinement rather than the manner in which the detention is administered. Thus habeas corpus is not a proper proceeding to investigate complaints by prisoners of mistreatment since such complaints do not attack the legality of the confinement").[1]

    12. This Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because jurists of reason would not find it debatable that dismissal of the Petition is correct. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds

---

[1] In the context of state parole eligibility, a state prisoner challenging the denial of his parole (or revocation of parole) as a violation of his rights under the United States Constitution must proceed under § 2254. See Coady v. Vaughn, 251 F. 3d 480 (3d Cir. 2001). However, a state prisoner who claims that the state's parole eligibility (or revocation) procedures violate the Constitution must proceed under 42 U.S.C. § 1983 under the holding of Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (prisoner's challenge to parole eligibility procedures on constitutional grounds is properly brought under § 1983 because success on prisoner's federal claims would not necessarily result in prisoner's release on parole, but would result only in new parole hearing).

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

    13.   An appropriate Order accompanies this Opinion.


                                 **s/ Jerome B. Simandle**
                                 JEROME B. SIMANDLE, U.S.D.J.

Dated:   **October 13,**   **2009**